Stefan Savic
Brian L. Grossman
Justin Loveland
**Reinhardt Savic Foley LLP**
200 Liberty Street, 27th Floor
New York, New York 10281
Telephone:     (646) 357-3238
Facsimile:     (888) 568-5815
ssavic@rsf-llp.com
bgrossman@rsf-llp.com
jloveland@rsf-llp.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT NEW YORK**

| | |
|---|---|
| **SURFSIDE SOLUTIONS INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **HELIX HOUSE LLC**, <br><br> Defendant. | Civil Case No.: 1:24-cv-6305 <br><br> **COMPLAINT** |

Plaintiff Surfside Solutions Inc. ("Surfside," or "Plaintiff"), by its attorneys Reinhardt Savic Foley LLP, hereby alleges against Defendant Helix House LLC ("HH" or "Defendant") as follows:

**NATURE OF THE ACTION**

1. This is a straight-forward case that Plaintiff was forced to bring as a result of Defendant's failure to pay months' worth of invoices for the services that Plaintiff provided to Defendant.

2. Defendant never disputed the invoices but just did not want to pay for the services it received, forcing Plaintiff to institute the present action.

1

**PARTIES**

3. Plaintiff Surfside Solutions Inc. is a Delaware corporation with a principal place of business at 64 Wooster St., Floor 2, New York, NY 10012.

4. Defendant Helix House, LLC, is an Arizona limited liability company with a principal place of business of 16220 N Scottsdale Rd., Unit 360, Scottsdale, AZ 85254.

**JURISDICTION AND VENUE**

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(l). There is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Plaintiff is a citizen of Delaware and New York.

7. Upon information and belief, Defendant's sole member is a citizen of Nevada.

8. As such, Defendant is a citizen of Arizona and Nevada.

9. The Court has personal jurisdiction over Defendant as Defendant agreed in the Terms and Conditions that "[a]ny litigation arising out of this Agreement shall be litigated exclusively in the state or federal courts located in the State of New York."

**STATEMENT OF FACTS**

10. Plaintiff has supplied marketing and advertising services to Defendant in the ordinary course of business.

11. Plaintiff disclosed the price of its marketing and advertising services prior to providing them to Defendant and Defendant accepted the price without objection.

12. Plaintiff then provided the agreed-upon services to Defendant and Defendant accepted the services without objection.

13. Yet, Defendant failed to pay for those service and invoices issued to it by Plaintiff in the total outstanding amount of $195,249.72.

14. Specifically, Plaintiff provided to Defendant the following invoices:

   a. Invoice No. 4539, on September 30, 2022, in the amount of $76,349.61;

   b. Invoice No. 4764, on October 31, 2022, in the amount of $27,225.29;

   c. Invoice No. 5219, on December 15, 2022, in the amount of $11,000.00;

   d. Invoice No. 5608, on January 31, 2023, in the amount of $2,721.00;

   e. Invoice No. 5693, on February 15, 2023, in the amount of $15,242.00;

   f. Invoice No. 5804, on February 15, 2023, in the amount of $3,139.00;

   g. Invoice No. 5967, on March 20, 2023, in the amount of $13,636.82;

   h. Invoice No. 6130, on March 20, 2023, in the amount of $4,634.00;

   i. Invoice No. 7308, on August 31, 2023, in the amount of $1,239.00;

   j. Invoice No. 7309, on August 31, 2023, in the amount of $2,753.00;

   k. Invoice No. 7437, on September 19, 2023, in the amount of $8,254.00;

   l. Invoice No. 8036, on November 30, 2023, in the amount of $2,689.00;

   m. Invoice No. 8037, on November 30, 2023, in the amount of $3,424.00;

   n. Invoice No. 8038, on November 30, 2023, in the amount of $9,645.00;

   o. Invoice No. 8176, on December 20, 2023, in the amount of $871.00; and

   p. Invoice No. 8424, on December 31, 2023, in the amount of $13,000.00.

   (all together the "Invoices")

15. Defendant paid none of the Invoices.

16. The total outstanding amount owed to Plaintiff by Defendant is $195,249.72.

17. Defendant never disputed any of the Invoices.

18. Pursuant to the Terms and Conditions, Defendant agreed that "all late payments shall bear interest at the lesser of the rate of 12% per year or the highest rate permissible under applicable law."

19. Defendant also agreed that it "shall also reimburse [Plaintiff] for all reasonable costs incurred in collecting any late payments, including, without limitation, attorneys' fees."

## AS AND FOR A FIRST CAUSE OF ACTION
### (Account Stated)

20. Plaintiff re-alleges and incorporates by reference all allegations contained in the preceding paragraphs of the Complaint as if they were fully set forth herein.

21. Plaintiff submitted the Invoices for the services it provided to Defendant.

22. Defendant accepted the Invoices as correct and without objection.

23. Plaintiff suffered and continues to suffer damages as a result of Defendant's failure to pay the Invoices.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

24. Plaintiff re-alleges and incorporates by reference all allegations contained in the preceding paragraphs of the Complaint as if they were fully set forth herein.

25. Plaintiff and Defendant entered into an agreement for Plaintiff to provide to Defendant marketing and advertising services.

26. Defendant agreed to the price of the services and accepted the services without objection.

27. Plaintiff fully performed under the agreement, providing Defendant with the agreed-upon services.

28. Defendant breached the agreement by failing to pay for the services.

29. As a result of Defendant's breach, Plaintiff suffered damages in the amount of $195,249.72, plus 12% interest, plus attorneys' fees and costs in collecting the payments.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff respectfully requests the Court to:

a. Award actual damages to be established at trial, but not less than $195,249.72, plus 12% interest;

b. Award Plaintiff the costs of this action together with reasonable attorneys' fees;

c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Award Plaintiff pre- and post-judgment interest in the statutory amount; and

e. Grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 21, 2024

By: _____
Stefan Savic
Brian L. Grossman
Justin Loveland
**Reinhardt Savic Foley LLP**
200 Liberty Street, 27th Floor
New York, New York 10281
Telephone:   (646) 357-3238
Facsimile:    (888) 568-5815
ssavic@rsf-llp.com
bgrossman@rsf-llp.com
jloveland@rsf-llp.com
*Attorneys for Plaintiff*