UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SURFSIDE SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> HELIX HOUSE LLC, <br><br> Defendant. | 24 Civ. 6305 (DEH) (BCM) <br><br> **ORDER** |

DALE E. HO, United States District Judge:

On January 7, 2025, Plaintiff Surfside Solutions Inc. ("Surfside") moved for default judgment against Defendant Helix House LLC. See ECF No. 17. Defendant has appeared but has not filed an answer in this action. ECF Nos. 28-29. The Clerk of Court issued a Clerk's Certificate of Default on December 6, 2024. See ECF No. 12. On April 4, 2025, the Court ordered Defendant to show cause why default judgment should not be entered against them, in writing, by April 18, 2025. See ECF No. 32. Defendant did not respond. Accordingly, on April 23, 2025, the Court granted Plaintiff's motion for default judgment against the Defendant and referred the matter to Magistrate Judge Moses for an inquest into damages and attorney's fees. See ECF Nos. 34, 36.

On June 9, 2025, Judge Moses issued a scheduling order for the damages inquest. See ECF No. 37. Pursuant to that order, Plaintiff filed their proposed findings of fact and conclusions of law on June 23, 2025, and a supplement to that document on June 24, 2025. See ECF Nos. 38-39.

On July 11, 2025, Judge Moses issued a Report and Recommendation (the "Report"), recommending that the motion for default judgment be granted, in the amount of $195,249.72 in actual damages, pre-judgment interest at the contractual rate of 12% per annum (or $55,076.47 as of the date of the Report), $7,775 in attorney's fees, and post-judgment interest at the federal statutory rate. See ECF No. 40 at 16.

Defendants had until July 25, 2025, to file any objections to the Report. *See* Fed. R. Civ. P. 72(b) (giving parties fourteen days to file written objections). No objections were filed.

In reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Kuan v. Notoriety Grp. LLC*, No. 22 Civ. 1583, 2023 WL 3936749, at *1 (S.D.N.Y. June 9, 2023). The Court has reviewed the Report and has found no error, clear or otherwise.

It is hereby **ORDERED** that the Report is **ADOPTED IN FULL.**

Plaintiff shall file a proposed Judgment in conformity with this Order within fourteen (14) days.

Dated: October 22, 2025
       New York, New York

DALE E. HO<br>
United States District Judge